**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ANTON RIGNEY, | : | |
| | | Civil Action No. 07-3444 (JBS) |
| Petitioner, | : | |
| v. | : | **OPINION** |
| GEORGE HAYMAN, et al., | : | |
| Respondents. | : | |

**APPEARANCES**:

Petitioner pro se
Anton Rigney
East Jersey State Prison
Lock Bag R
Rahway, New Jersey 07-65-5521

**SIMANDLE**, District Judge:

   Petitioner Anton Rigney, a prisoner currently confined at East Jersey State Prison in Rahway, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and related sections[1] challenging his conviction and sentence pursuant to the judgment of a state court. The Respondents are

---

[1] Petitioner asserts jurisdiction pursuant to the habeas corpus provisions at 28 U.S.C. §§ 2241(a), (c)(2), (c)(3), 2242, 2243, 2245, 2247, 2249, 2250, and 2252 and pursuant to provisions regarding judicial review of orders of federal agencies at 28 U.S.C. §§ 2347, 2348, 2349, and 2350. As no federal agency orders are at issue in the Petition, the provisions at §§ 2347, 2348, 2349, and 2350 do not provide a basis for jurisdiction in this action.

the Commissioner of the New Jersey Department of Corrections and the Attorney General of New Jersey.

Because it appears from a review of the Petition that Petitioner is not entitled to issuance of the writ, the Court will dismiss the Petition.  See 28 U.S.C. § 2243.

## I.   BACKGROUND

Petitioner was convicted, in 1989, in the Superior Court of New Jersey, Trial Division, Camden County, of arson, murder and related offenses, for which he is now serving a sentence of 30 years to life imprisonment.  In a rambling 32-page Petition, Petitioner challenges the murder statute pursuant to which he was convicted, N.J.S.A. 2C:11-3a(3) (felony murder), which he alleges attaches no penalty to the crime of which he was convicted.  In addition, Petitioner alleges that a 2000 amendment to that statute was applied to him retroactively, in violation of the Ex Post Facto Clause of the United States Constitution.  Petitioner alleges that the statute was applied to him wrongfully on the basis of race, in violation of the Equal Protection Clause of the Fourteenth Amendment.  Petitioner alleges other defects in the indictment and trial.  He also contends that his imprisonment violates the Thirteenth Amendment prohibition against involuntary servitude.

Because Petitioner challenges his custody pursuant to the judgment of a state court, notice has been given pursuant to

Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000).  In addition, because the Petition failed to conform to the applicable rules, Petitioner was provided a blank § 2254 form of Petition and granted leave to file an amended petition.  Petitioner has responded that he "deliberately" does not choose to proceed under § 2254 and, further, that only the United States Supreme Court has jurisdiction over this matter.  He requests that this matter be transferred to the United States Supreme Court.  (Affidavit [4] at ¶¶ 3, 7, 14, 15, 20.)

II. STANDARDS FOR A SUA SPONTE DISMISSAL

United States Code Title 28, Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399

3

U.S. 912 (1970).  Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief.  See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989). See also 28 U.S.C. §§ 2243, 2254, 2255.

### III.  ANALYSIS

Title 28 U.S.C. § 2241 confers jurisdiction on district courts to issue writs of habeas corpus in response to a petition from a state or federal prisoner who "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(a), and (c)(3).[2]

Section 2254 confers jurisdiction on district courts to issue "writs of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court ... on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2254(a).

A state prisoner may challenge the fact or duration of his confinement pursuant to a state conviction only by filing a

---

[2] Petitioner also alleges jurisdiction pursuant to 28 U.S.C. § 2241(c)(2), which confers jurisdiction to issue writs of habeas corpus in response to a petition from a prisoner who "is in custody for an act done or omitted in pursuant of an Act of Congress, or an order, process, judgment or degree of a court or judge of the United States."  Petitioner alleges no fact that would invoke the jurisdiction conferred by § 2241(c)(2), which provides relief to federal officials prosecuted in state court. See Ohio v. Thomas, 173 U.S. 276, 284 (1899).

petition for writ of habeas corpus under 28 U.S.C. § 2254; Section 2241 is not an alternative to Section 2254.  See Felker v. Turpin, 518 U.S. 651, 662 (1996) ("authority to grant habeas relief to state prisoners is limited by 28 U.S.C. § 2254, which specifies the conditions under which such relief may be granted to a 'person in custody pursuant to the judgment of a state court'"); Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001) ("Congress has attached restrictions to Section 2254 proceedings that should not be circumvented by permitting a petitioner to go forward under the more general authority conferred by Section 2241").  Thus, this Court lacks jurisdiction to consider Petitioner's challenge under § 2241.[3]

In view of Petitioner's expressed aversion to any recharacterization of his Petition as one arising under § 2254, this Court will not recharacterize the Petition.  See Castro v. United States, 540 U.S. 375, 377 (2003); Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000).

Petitioner has requested that this Court transfer this Petition to the U.S. Supreme Court.  Pursuant to 28 U.S.C. § 1631,

---

[3] This Court has located no federal appellate decisions suggesting that there exists any exception, in the district court, to this "single gate" rule for state prisoners.  See, e.g., Rittenberry v. Morgan, 468 F.3d 331 (6th Cir. 2006) (collecting cases).

> Whenever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

The Supreme Court has held that it retains jurisdiction to hear petitions for habeas corpus filed as original matters in that Court pursuant to §§ 2241 and 2254. Felker v. Turpin, 518 U.S. at 658-661. The Supreme Court's Rule 20.4(a) delineates the standards under which it will grant such writs.

> A petition seeking a writ of habeas corpus shall comply with the requirements of 28 U.S.C. §§ 2241 and 2242, and in particular with the provision in the last paragraph of § 2242, which requires a statement of the "reasons for not making application to the district court of the district in which the applicant is held." If the relief sought is from the judgment of a state court, the petition shall set out specifically how and where the petitioner has exhausted available remedies in the state courts or otherwise comes within the provisions of 28 U.S.C. § 2254(b). To justify the granting of a writ of habeas corpus, the petitioner must show that exceptional circumstances warrant the exercise of the Court's discretionary powers, and that adequate relief cannot be obtained in any other form or from any other court. This writ is rarely granted.

Here, this Court finds that it would not be "in the interest of justice" to transfer this matter to the Supreme Court. The Petition submitted here does not appear to conform to the Supreme Court's rule.

## IV. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

A certificate of appealability is not required in order to appeal the denial of a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Out of an abundance of caution, however, this Court finds that jurists of reason would not find

7

it debatable whether this Court is correct in its rulings in this matter.  No certificate of appealability shall issue.

## V.  CONCLUSION

For the reasons set forth above, the Petition will be dismissed without prejudice for lack of jurisdiction.  An appropriate order follows.

                                       **s/ Jerome B. Simandle**
                                       Jerome B. Simandle
                                       United States District Judge

Dated:  **October 2, 2007**